UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HON. PHILIP J. MONTANTE, JR.

                     Plaintiff,        **AMENDED COMPLAINT**

v.

     Civ. Action No. 24-cv-00451

PAMELA BONDI, Attorney General of the
United States, UNITED STATES DEPARTMENT
OF JUSTICE, EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW,

                     Defendant.
_____

       Plaintiff, HON. PHILIP J. MONTANTE, JR. ("Judge Montante" or "Plaintiff"), by and through his attorneys, THE TARANTINO LAW FIRM, LLP, for his Complaint against Defendant PAMELA BONDI, Attorney General of the United States, UNITED STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, ("EOIR"), alleges as follows:

### NATURE OF ACTION

       1.     This is an action brought by Plaintiff to recover damages due to Defendant's violations of the Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq.*) and The Rehabilitation Act of 1973, (29 U.S.C. § 791 *et seq.*) arising from discrimination, hostile work environment and retaliation in Plaintiff's terms and conditions of employment due to Plaintiff's age, disability, and for retaliation for engagement in a protected activity, by Defendant, EOIR.

### JURISDICTION AND VENUE

       2.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1337, 1343 (4), 2201, 2202, and pursuant to 42 U.S.C. § 1988.

3. The venue of this action is properly placed in the Western District of New York pursuant to § 706(f)(3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331, 1337, 1343(4) and 1391. Plaintiff resides in this district. Defendant has an office located in this district, and a substantial part of the events giving rise to Plaintiff's claims of discrimination and retaliation occurred in this district.

## PARTIES

4. Plaintiff is a citizen of the United States of America, and resides in the County of Erie and State of New York.

5. At all relevant times, Plaintiff was a covered "employee" as defined in the Age Discrimination in Employment Act (29 U.S.C. §§ 630(f) and 631(a)).

6. Plaintiff is an 80-year-old male.

7. Judge Montante is in his 36th year with the Executive Office for Immigration Review. He first served as an immigration judge, then as an Assistant Chief Immigration Judge, and he currently sits as an Appellate Immigration Judge.

8. At all relevant times, Plaintiff is a Federal employee with the United States Department of Justice, Executive Office for Immigration Review as defined by 42 U.S.C. §1981; Title VII, 42 U.S.C. § 2000(e).

9. At all relevant times, Defendant, EOIR, was and still is an employer as defined in 42 U.S.C. § 1981, 42 U.S.C. § 2000 (b), and the Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq.*).

10. Plaintiff is an "individual with a disability" as defined in the Rehabilitation Act of 1973, Title 29 U.S.C. §705(9), and at all times herein relevant Defendant EOIR was aware of this disability.

11. Judge Montante was diagnosed with coronary heart disease and hypertension. He has experienced frequent spikes in blood pressure given the strain of lifting heavy boxes. He has osteoporosis/osteopenia and lumbar somatic dysfunction secondary to cervical disc degeneration/protrusion/herniation. Judge Montante has a 15lb. weight lifting restriction because of his medical conditions and disability.

12. In or about August 2022, Judge Montante was hospitalized and thereafter placed on medical leave for two weeks as a result of his coronary heart disease. Assistant Chief Immigration Judge, Hon. Brandon C. Jaroch ("Judge Jaroch"), was aware of Judge Montante's medical leave which was verbally discussed between the two at that time.

13. Judge Montante has cataracts in both of his eyes and an epiretinal membrane in his right eye. This condition limits his ability to read his computer screen. Accordingly, his physician has recommended that he has access to a printer as he is better able to read paper than a screen.

14. Judge Montante provided medical documentation from Dr. Mark Grazen and other medical providers explaining Judge Montante's disabilities and physical limitations.

## CONDITIONS PRECEDENT TO ACTION

15. Plaintiff has complied with all of the jurisdictional prerequisites to action pursuant to 29 C.F.R § 1614.201 as follows:

   a. Plaintiff provided the Commission with a written notice of intent to sue under the ADEA on March 26, 2024. A copy of the notice of intent to sue is attached hereto as **Exhibit "A."**

   b. On or about April 5, 2024, the EEO of the United States Department of Justice sent notification to Plaintiff that he had the right to sue within no earlier than 30 days of the receipt of the notification.

      c.      Plaintiff has filed this action no earlier than 30 days of notifying the United States Department of Justice EEO Office of his intent to sue.

      d.      On or about March 26, 2024, Plaintiff filed a formal Complaint of Discrimination with the Equal Employment Office of the United States Department of Justice alleging disability discrimination, hostile work environment based on disability denial of reasonable accommodation and retaliation.

      e.      On or about December 19, 2024, Plaintiff received a Final Agency Determination from the United States Department of Justice Complaint Adjudication office with respect to that EEO Complaint, and the Right to File a Civil Action.

      f.      Plaintiff has filed this action within ninety (90) days of receipt of the Final Agency Determination and Right to File a Civil Action

## STATEMENT OF FACTS

16. In or around April 2023, EOIR mandated that Judge Montante vacate his judicial chambers and begin to work remotely.

17. Prior to this, Judge Montante was working in a partially remote capacity. He still had an office at 130 Delaware Ave, Buffalo, New York, which he could access two to three times per week. Even though that office was not large enough to function adequately, it did provide administrative assistance, including a printer, the ability to receive and ship out ROP's (Record of Proceedings) with the good assistance of the clerks (including the lifting of boxes which are heavy and because of Judge Montante's physical condition and disability) and other miscellaneous functions.

18. After EOIR's decision, Judge Montante was required to function 100% remotely. As a result, he was required to retrieve boxes of cases from a remote location (a FedEx Terminal),

4

load those boxes, take them to his residence, off-load them, and reload them for the return of the boxes. Judge Montante must do this several times per week.

19. Defendant EOIR subsequently took away Judge Montante's covered parking space at the court building, his access to the court's office and instead told him he would have to go to the clerk's office window to pick up mail or retrieve documents. Defendant EOIR also took away Judge Montante's access to a personal printer to access confidential court documents.

20. If Judge Montante desired to print any document, he was required to print to the printer of an administrative assistant, including any sensitive intra-judicial memoranda, and then drive to the 130 Delaware office from his home to retrieve the printed documents. This is a thirty-five (35) mile roundtrip.

21. Relinquishing Judge Montante's parking spot created additional risks to his health. The weather in Buffalo, New York can be unpredictable and is often snowy or rainy. Depriving Judge Montante of a covered parking spot creates an additional risk of falling for him, if walking outside in the often-harsh elements, with his diagnosis of osteoporosis/osteopenia.

22. Additionally, traveling in and out of and to and from FedEx to pick up heavy case files has placed Judge Montante at a greater risk for falling and breaking a bone as he has osteoporosis. This risk is exacerbated because he is now forced to do these tasks when there is ice and snow accumulations in the Buffalo area. Judge Montante previously had the assistance of court personnel to assist with the delivery of boxes to his office and the return of them to Falls Church, Virginia when finished.

23. Judge Montante previously had a parking spot at the court building and access to an exclusive confidential printer since the time of his appointment as an Appellate Immigration

Judge. It would not be an undue burden for these to be provided now. These actions also contributed to a hostile work environment on the basis of Plaintiff's disability.

24. In September 2023, Chief Immigration Judge Sheila McNulty sent out a directive to all ACIJ's and Court Administrators nationwide to virtually provide these same services to all Appellate Judges.

25. Judge Montante submitted a formal request for reasonable accommodation to the DOJ on October 24, 2023.

26. In November 2023, Judge Montante was contacted by Judge Jaroch via telephone. Judge Jaroch chastised Judge Montante and made discriminatory and retaliatory remarks based on his age during that phone conversation.

27. Specifically, Judge Montante complained to Judge Jaroch that he had blocked his access to the courthouse by deactivating his PIV card, removed his parking spot if he needed to come to the courthouse to pick up case files, and denied him access to an office and confidential printer which is needed to print confidential communications with the Deputy Chief Judge, other judges, law clerks, lawyers and other court personnel.

28. Further, Judge Montante asked Judge Jaroch to circulate the email of Chief Judge McNulty from September 2023, that addressed access for remote judges, which also noted that it was important that there be cooperation extended to those remote judges. Judge Jaroch responded, in a denigrating tone, by, among other things, asking Judge Montante in a ridiculing manner when he stated: "how old are you? 70?"

29. After the phone call with Judge Jaroch, Judge Montante emailed Deputy Chief Judge Malphrus, and complained about the conduct of Judge Jaroch and the conversation that occurred, which was both retaliatory and discriminatory on its face. That conversation further

contributed to a hostile work environment on the basis of age by Judge Jaroch and/or other unknown individuals at EOIR.

30. On January 4, 2024, The DOJ denied Judge Montante's reasonable accommodation request.

31. To date, Defendant EOIR and Judge Jaroch continue to deny Plaintiff's reasonable accommodation request and block him from access to the courthouse, his parking space, and confidential access to an office and printer, based on his age, disability, and/or in retaliation for his complaints of discrimination.

**AS AND FOR THE FIRST CAUSE OF ACTION AGAINST THE DEFENDANT, PLAINTIFF ALLEGES: AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (29 U.S.C. § 621 *et seq.*)**

32. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "31" as though fully set forth herein.

33. EOIR discriminated against Plaintiff with respect to the terms and conditions of employment because of his age, in violation of the Age Discrimination in Employment Act U.S.C. (ADEA) § 621 *et seq*.

34. EOIR violated the ADEA by creating and allowing a culture of age discrimination to permeate Plaintiff's workplace and all aspects of his work environment. This hostile and abusive work environment was created by decisions, actions and conduct engaged in by EOIR. The severe and pervasive abusive environment was maintained, fostered and promoted by the EOIR's discriminatory acts and conduct as described herein.

35. Defendant EOIR discriminated against Plaintiff by actively denying Plaintiff's reasonable accommodation requests, and by creating a work environment that is not suitable for older workers.

7

36. The discrimination described herein shows a continuous pattern of unlawful employment practices.

37. Defendant had actual and constructive knowledge of the conduct described herein, but failed to take any remedial action to put an end to the discrimination Plaintiff suffered.

38. Defendant knowingly and recklessly discriminated against the Plaintiff on the basis of his age by having direct and firsthand knowledge of discriminatory acts towards Plaintiff and failing to take remedial and precautionary steps for the protection of the rights of the Plaintiff.

39. EOIR knowingly and recklessly permitted its employees, supervisors and leadership team to treat an elderly employee in a manner different from the treatment received by similarly situated employees.

40. Defendant failed to provide Plaintiff with a suitable work environment and knowingly and recklessly exposed Plaintiff to a discriminatory and potentially physically dangerous work environment due to Plaintiff's age and physical condition.

41. Defendant's wrongful acts, conducts, and omissions including but not limited to, those described above, were willful and wanton and done with malice or reckless indifference to Plaintiff's rights and feelings, thereby entitling Plaintiff to an award of compensatory damages, including but not limited to lost wages, loss of future income, compensation and benefits, compensation for emotional pain and suffering and/or punitive damages.

42. As a result of Defendant EOIR's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of no less than One Million and 00/100 ($1,000,000.00) Dollars, exclusive of interest and costs.

43. Plaintiff demands a jury trial as to all issues so triable.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT, PLAINTIFF ALLEGES: HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (29 U.S.C. § 621 *et seq.*)**

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "43" as though fully set forth herein.

45. EOIR discriminated against Plaintiff with respect to the terms and conditions of employment because of his age, in violation of the Age Discrimination in Employment Act U.S.C. (ADEA) § 621 *et seq*.

46. EOIR violated the ADEA by creating and allowing a culture of age discrimination and a hostile work environment to permeate Plaintiff's workplace and all aspects of his work environment. This hostile and abusive work environment was created by decisions, actions and conduct engaged in by EOIR. The severe and pervasive abusive environment was maintained since the start of Plaintiff's employment through the present and fostered and promoted by EOIR's discriminatory acts and conduct as described herein.

47. The discrimination described herein shows a continuous pattern of unlawful employment practices. Specifically, Judge Jaroch created a hostile work environment by making discriminatory remarks about Judge Montante's age, and along with unknown individuals at EOIR, continually blocking his requests for a reasonable accommodation.

48. Defendant had actual and constructive knowledge of the conduct described herein, but failed to take any remedial action to put an end to the discrimination Plaintiff suffered.

49. Defendant created a hostile work environment by forcing Plaintiff to work fully remote, denying him access to the courthouse, a printer, his former parking spot, and by forcing him to lift heavy boxes of case files. Defendant's actions have caused a greater risk of injury to the Plaintiff and a strain on his emotional and physical health.

50. Defendant knowingly and recklessly discriminated against Plaintiff on the basis of his age by having direct and firsthand knowledge of discriminatory acts towards Plaintiff and failing to take remedial and precautionary steps for the protection of the rights of the Plaintiff.

51. EOIR knowingly and recklessly permitted its employees, supervisors and leadership team to treat an elderly employee in a manner different from the treatment received by similarly situated employees.

52. Defendant failed to provide Plaintiff with a suitable work environment and knowingly and recklessly exposed Plaintiff to a discriminatory and potentially physically dangerous work environment due to Plaintiff's age and physical condition.

53. Defendant's wrongful acts, conducts, and omissions including but not limited to, those described above, were willful and wanton and done with malice or reckless indifference to Plaintiff's rights and feelings, thereby entitling Plaintiff to an award of compensatory damages, including but not limited to lost wages, loss of future income, compensation and benefits, compensation for emotional pain and suffering and/or punitive damages.

54. As a result of Defendant EOIR's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of no less than One Million and 00/100 ($1,000,000.00) Dollars, exclusive of interest and costs.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANT, PLAINTIFF ALLEGES: RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (29 U.S.C. § 621 *et seq.*)**

55. Plaintiff repeats, reiterates and reasserts the allegations set forth in Paragraphs "1" through "54" of this Complaint with the same force and effect as though more fully set forth herein.

56. Defendant EOIR's actions through its agents, as described above, evidence its retaliation against Plaintiff due to Plaintiff's engagement in statutorily protected rights.

57.     Defendant EOIR retaliated against Plaintiff because he submitted requests for reasonable accommodations to be provided to him, because Plaintiff complained over Judge Jaroch's discriminatory comments towards him, and because he complained of discriminatory conduct by EOIR on the basis of age.

58.     Defendant EOIR's retaliation of Plaintiff because of his engagement in statutorily protected activity is violative of the ADEA, specifically 42 U.S.C. § 2000e-3.

59.     As a direct and proximate result of Defendant EOIR's retaliation and conduct towards Plaintiff, Plaintiff has suffered physical and emotional distress.  Moreover, Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendant EOIR's retaliation, unless and until this Court grants relief and an award of, *inter alia*, back pay, front pay, and compensatory damages against Defendant EOIR pursuant to the ADEA.

60.     As a result of Defendant EOIR's unlawful employment practices, Plaintiff has been damaged in an amount of no less than One Million and 00/100 ($1,000,000.00) Dollars, exclusive of interest and costs.

61.     Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff demands a trial by jury as to all issues so triable

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE DEFENDANT, PLAINTIFF ALLEGES: DISABILITY DISCRIMINATION and FAILURE TO ACCOMMODATE IN VIOLATION OF THE REHABILITATION ACT OF 1973 (Title 29 U.S.C. § 791 *et seq.*)**

62.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "61" as more fully set forth herein.

63.     Plaintiff is an individual with a disability as defined in the Rehabilitation Act of

1973, Title 29 U.S.C. §705(9), in that Plaintiff has a record of an impairment that substantially limits one or more of his major life activities.

64. Plaintiff's disability was known to Defendant.

65. Plaintiff's disability substantially limited one or more of his major life activities without reasonable accommodation.

66. Defendant perceived that Plaintiff's medical condition limited one or more of his major life activities and regarded him as having a disability but refused to provide him with a reasonable accommodation.

67. Providing Plaintiff with a reasonable accommodation would not have imposed an undue hardship upon Defendant.

68. Defendant refused to accommodate Plaintiff and did not engage in the interactive process to determine if an accommodation was warranted.

69. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered emotional pain and suffering, mental anguish, loss of enjoyment of life, and other past and future pecuniary and non-pecuniary losses.

70. Defendant, therefore, violated the Rehabilitation Act and is thus liable for the damages resulting from this violation.  Accordingly, Plaintiff seeks compensatory damages pursuant to 29 U.S.C. § 794a, 42 U.S.C. § 2000d *et. seq.* and 42 U.S.C. § 1981(a).

71. As a result of Defendant EOIR's unlawful employment practices, Plaintiff has been damaged in an amount of no less than One Million and 00/100 ($1,000,000.00) Dollars, exclusive of interest and costs.

72. Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff demands a trial by jury as to all issues so triable.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE DEFENDANT, PLAINTIFF ALLEGES: HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE REHABILITATION ACT OF 1973 (Title 29 U.S.C. § 791 *et seq.*)**

73. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "72" as though fully set forth herein.

74. The EOIR discriminated against Plaintiff with respect to the terms and conditions of employment because of his disability, in violation of the Rehabilitation Act of 1973, Title 29 U.S.C. § 791 *et seq*.

75. The EOIR violated the Rehabilitation Act by creating and allowing a culture of disability discrimination and a hostile work environment to permeate Plaintiff's workplace and all aspects of his work environment. This hostile and abusive work environment was created by decisions, actions and conduct engaged in by EOIR. The severe and pervasive abusive environment was maintained since the start of Plaintiff's employment through the present and fostered and promoted by EOIR's discriminatory acts and conduct as described herein.

76. The discrimination described herein shows a continuous pattern of unlawful employment practices. Specifically, Defendant created a hostile work environment by forcing Plaintiff to work fully remote, denying him access to the courthouse, a printer, his former parking spot, and by forcing him to lift heavy boxes of case files. Defendant's actions have caused a greater risk of injury to the Plaintiff and a strain on his emotional and physical health due to his disability.

77. Defendant had actual and constructive knowledge of the conduct described herein, but failed to take any remedial action to put an end to the discrimination Plaintiff suffered.

78. Defendant knowingly and recklessly discriminated against Plaintiff on the basis of his disability by having direct and firsthand knowledge of discriminatory acts towards Plaintiff and failing to take remedial and precautionary steps for the protection of the rights of the Plaintiff.

79. The EOIR knowingly and recklessly permitted its employees, supervisors and leadership team to treat a disabled employee in a manner different from the treatment received by similarly situated employees.

80. Defendant failed to provide Plaintiff with a suitable work environment and knowingly and recklessly exposed Plaintiff to a discriminatory and potentially physically dangerous work environment due to Plaintiff's disability and physical condition.

81. Defendant's wrongful acts, conducts, and omissions including but not limited to, those described above, were willful and wanton and done with malice or reckless indifference to Plaintiff's rights and feelings, thereby entitling Plaintiff to an award of compensatory damages, including but not limited to lost wages, loss of future income, compensation and benefits, compensation for emotional pain and suffering and/or punitive damages.

82. As a result of Defendant EOIR's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of no less than One Million and 00/100 ($1,000,000.00) Dollars, exclusive of interest and costs.

83. Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff demands a trial by jury as to all issues so triable.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST THE DEFENDANT, PLAINTIFF ALLEGES: RETALIATION IN VIOLATION OF THE REHABILITATION ACT OF 1973 (Title 29 U.S.C. § 791 *et seq.*)

84. Plaintiff repeats, reiterates and reasserts the allegations set forth in Paragraphs "1" through "83" of this Complaint with the same force and effect as though more fully set forth herein.

85. Defendant EOIR's actions through its agents, as described above, evidence its retaliation against Plaintiff due to Plaintiff's engagement in statutorily protected rights.

86. Defendant EOIR retaliated against Plaintiff because he submitted requests for

reasonable accommodations to be provided to him, and because he complained of discriminatory conduct by EOIR on the basis of disability.

87. Defendant EOIR's retaliation of Plaintiff because of his engagement in statutorily protected activity is violative of The Rehabilitation Act of 1973, specifically section 501.

88. As a direct and proximate result of Defendant EOIR's retaliation and conduct towards Plaintiff, Plaintiff has suffered physical and emotional distress. Moreover, Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendant EOIR's retaliation, unless and until this Court grants relief and an award of, *inter alia*, back pay, front pay, and compensatory damages against Defendant EOIR pursuant to the ADEA.

89. As a result of Defendant EOIR's unlawful employment practices, Plaintiff has been damaged in an amount of no less than One Million and 00/100 ($1,000,000.00) Dollars, exclusive of interest and costs.

90. Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff demands a trial by jury as to all issues so triable.

**WHEREFORE**, Plaintiff prays to this Court for the following:

   i. For the First, Second, Third, Fourth, Fifth and Sixth Causes of Action, Plaintiff demands judgment against Defendant EOIR as follows:

      a. For recovery of $1 million against Defendant as actual damages for loss of revenue, including back pay, front pay, and other past and future benefits, mental anguish, emotional distress, and embarrassment in an equal amount as liquidated damages, and compensatory damages and for punitive damages together with interest as a result of Defendant's discrimination against Plaintiff;

      b. For the recovery of costs and counsel fees as provided by statute;

      c. For trial by jury on all triable issues; and

      d. For such other and further relief as the Court may deem just, fit and proper.

Dated:     February 25, 2025
            Buffalo, New York

                                              Respectfully Submitted,

                                              */s/ Kevin P. Wicka*
                                              Kevin P. Wicka, Esq.
                                              The Tarantino Law Firm, LLP
                                              *Attorneys for Plaintiff*
                                              City Centre
                                              610 Main Street, Suite 300
                                              Buffalo, New York 14202
                                              (716) 849-6500
                                              kwicka@tarantinolaw.com